## MOORE v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1905.)

### No. 1,406.

**1. MASTER AND SERVANT—INJURIES TO SERVANT—RAILROADS—STATUTES.**

Const. Miss. 1890, § 193, and Code 1892, § 3559, declare that every railroad employé shall have the same rights and remedies for injuries suffered by him from the act or omission of the corporation or its employés as are allowed by law to other persons where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, etc. *Held,* that where a brakeman in an action for injuries alleged that the train on which he was injured was under the direction and control of the conductor and engineer, who were his superior officers, and that while plaintiff was between the rails to turn the angle cock and apply the air brakes to a heavy train on a down grade, as was his duty, the engineer suddenly, and without signal or warning to plaintiff, violently backed the engine against the train, so as to cause a cowcatcher on the rear of the tender to strike plaintiff, by reason of which his arm was caught between the cowcatcher and drawhead and crushed, the declaration stated a cause of action under the statute.

**2. SAME—DANGEROUS APPLIANCES—QUESTION FOR JURY.**

Where, in an action for injuries to a brakeman by being caught between the rear pilot of the engine and the next car as he was applying the air brakes to a heavy train, plaintiff alleged that the engine with such rear pilot was a dangerous appliance when attached to a freight train, in that when the tender was backed to a car the pilot extended under the car rendering the space between the tender and the car unsafe and dangerous to work in, and that when plaintiff was performing his duty in standing between the rails to turn on the air he was struck by such pilot, thrown down, and injured before the drawheads came together, such allegations, if proved, presented an issue of fact as to defendant's negligence in furnishing defective appliances for submission to the jury.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Marcellus Green, for plaintiff in error.

Edward Mayes, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. This was an action for damages for personal injuries. Besides the necessary allegations as to the character of the parties, the jurisdiction of the court, character and extent of injuries received, and damages claimed therefor, the declaration showed substantially that on the 4th of December, 1902, the defendant had a certain through freight train, numbered 85, consisting of more than 10 cars besides the engine and tender, the engine being numbered 482, and the train under the direction and control of one Smith, conductor, and one Stewart, engineman, both servants of the defendant,

under the direction and control of whom, as his superior officers, the plaintiff was in the discharge of his duties as head brakeman; that the engine numbered 482 was an unsafe and unsuitable appliance in that freight train, in that it was negligently equipped on the rear end of the tender with a pilot or cowcatcher, which extended when the tender was backed up to a car and under the couple of the car, and thereby the place between the tender and the car was rendered an unsafe and dangerous place to work in going between the rails to apply the air cock when necessary, and the pilot so extended under the car left no place for the brakeman to stand, as the said pilot would strike the brakeman between the rails and knock him down before the drawheads would come together; that in an emergency, which is fully described, and alleged to have been occasioned by the negligence of the engineman, it became the duty of the plaintiff to go on the track at a time when the engine was disconnected from the train and at a standstill, eight or ten or more feet from the train, in order to turn the angle cock and apply the air brakes to the heavy train, which was on a down grade, and beginning to move, so as to threaten great injury to the property of the defendant, and hazard to the lives of passengers and employés, and that while thus on the track, in the exercise of due care in the discharge of his duty, and under the direction and control of the engineman, the engineman suddenly, and without warning to the plaintiff, and without any signal from the plaintiff to back his engine, backed violently against the train so as to cause the cowcatcher to strike the plaintiff, knock his feet from under him and under the car, and catch his right arm between the cowcatcher and the drawhead, and crush it off; that in the emergency described at the time and place set out the engineman was the superior officer or agent of the defendant over plaintiff, and having the right to control and direct the services of plaintiff in the duties he was then discharging.

To this declaration the defendant did not demur, but pleaded the general issue and "plea of contributory negligence in short by consent." On behalf of the plaintiff three witnesses testified—the plaintiff himself, and one W. L. Bass and one G. C. Sutton, who were both present at the time and place that the injury was received. Having introduced this testimony the plaintiff rested, and thereupon the defendant moved the court to exclude the evidence offered by the plaintiff, and to direct the jury to return a verdict for the defendant on the ground that the case as made out by the plaintiff shows that, if he was injured at all by anybody's negligence, according to his own theory he was injured by the negligence of the engineer working on the same train on which he was working, and in the very job that he was engaged upon, and it is one of the very few cases that fall under the old common-law doctrine of the fellow servant rule, as fixed by section 193 of the Mississippi Constitution of 1890, and section 3559 of the Code of 1892; which motion the court sustained, and instructed the jury to find for the defendant, and, the verdict being returned in accordance with the instructions and judgment rendered thereon, the plaintiff assigns this action of the court as error. The rule which obtains in the United States courts in reference to directing a verdict in civil cases has, of late years, been so often in-

voked and applied, especially in cases like the present, that its terms have become matter of such familiar knowledge, and the reported cases in which it has been applied are so numerous, that it is not necessary to discuss them, or even to cite them. Under the terms of the section of the Constitution of Mississippi referred to in the defendant's motion and above cited, it is the opinion of the majority of the court that the declaration in this case states a cause of action, independent of any consideration that is due to the allegations of the defective and dangerous appliance indicated in connection with the engine. It is, however, the opinion of the majority of the court that the allegations on that subject present an issue of fact for submission to the jury, if the evidence offered tends to support it. As we have concluded that the case must be reversed and remanded for a new trial it is not proper that we should discuss the testimony offered, any further than to announce that, if the jury believe the witnesses, the evidence the plaintiff introduced was sufficient, standing alone and in the absence of contradictory proof, to support a verdict. It is therefore clear, in the judgment of the majority of the court, that the trial court erred in withdrawing the case from the jury; that it should have been submitted to the jury under proper instructions; and that it is carrying the rule much too far to insist that at every stage in the trial of such a case the trial judge must or may consider himself as acting upon a motion for a new trial, and whenever it is his impression that he would grant a new trial if the jury should, on the testimony then before them and under such appropriate instructions as he might give them, return a verdict against one of the parties which he on a motion for a new trial would set aside, he should at once direct a verdict without further hearing and consideration of the case.

The judgment of the Circuit Court is reversed, and the case remanded to that court, with instructions to award the plaintiff a new trial.